IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02513-WJM-MJW

PAUL ROBERT LUFKIN,

Plaintiff,

v.

U.S. BANK, NATIONAL ASSOCIATION,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and
NATIONSTAR MORTGAGE (aka "Mr. Cooper"),

Defendants.

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTION TO DISMISS (DOCKET NO. 18)

**Michael J. Watanabe**
**United States Magistrate Judge**

This case is before this Court pursuant to an Order of Reference to Magistrate Judge issued by Judge William J. Martinez on January 26, 2018. (Docket No. 13.) Now before the Court is Defendants U.S. Bank National Association, as Trustee, Successor In Interest To Bank Of America, National Association, as Trustee, Successor by Merger to Lasalle Bank, National Association, as Trustee For Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2007-1 (sued as U.S. Bank, National Association) ("U.S. Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Nationstar Mortgage LLC, d/b/a Mr. Cooper's (sued as Nationstar Mortgage (aka "Mr. Cooper")) ("Nationstar") (collectively "Defendants") Motion to Dismiss. (Docket No. 18.) Plaintiff Paul Robert Lufkin ("Plaintiff") filed a

Response. (Docket No 20.)[1] Defendants then filed a Reply. (Docket No. 21.) The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

The Court is unable to summarize the factual allegations made by Plaintiff because his Amended Complaint (Docket No. 7) does not contain any facts. He brings one claim for relief for "Violation of Constitutional Rights and Violation of Right of Due Process." *(Id.* at 5.) His statement of supporting facts is, in its entirety: "28 USC 1331-1446, and Article III of U.S. Constitution." (*Id.*) He seeks "monetary and punitive damages in the amount of $1,250,000.00" for these unidentified constitutional violations.

Plaintiff is proceeding pro se. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume

---

[1] In their Reply, Defendants request that the Court strike Plaintiff's Response. (Docket No. 21 at 1–2.) Plaintiff filed his Response 33 days after Defendants' Motion was filed, which makes it untimely. *See* D.C.COLO.LCivR 7.1.The Court has broad discretion to strike a responsive document as untimely. *See Curran v. AMI Fire-place Co., Inc.*, 163 F. App'x 714, 718 (10th Cir. 2006) (district court has discretion to strike untimely response). Although the Court does not condone Plaintiff's tardiness, the Court notes Plaintiff's status as a pro se litigant, and finds that consideration of the Response will not change the resolution of Defendants' Motion. Thus, the Court will exercise its discretion and decline to strike the Response.

2

that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

The Federal Rules of Civil Procedure require that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc*., 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). The liberal pleading standard for unrepresented litigants does not override a pro se plaintiff's responsibility to provide a simple and concise statement of his claims and the specific conduct that gives rise to each asserted claim. *See Ogden v. San Juan Cnty*., 32 F.3d 452, 455 (10th Cir. 1994).

Here, Plaintiff's Amended Complaint fails to state which Defendant did what to him and when they did it. He fails to allege any facts as to how his constitutional rights were violated. He fails to connect the unspecified constitutional violations to the significant amount of damages sought. In short, Plaintiff's Amended Complaint gives no

notice to the Defendants of what claims are brought against them, and therefore fails to meet the pleading requirements set forth in Rule 8.

Moreover, the scant allegations in the Amended Complaint do not state plausible claims for relief under Rule 12(b)(6), and Plaintiff's case could be dismissed on those grounds as well. Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 67 (2009) (if the "well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2)). Plaintiff's Amended Complaint is wholly devoid of any plausible claims for relief.

However, dismissal of a case under Rule 12(b)(6) is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989). As such, in this jurisdiction, the Court typically does not dismiss a claim under Rule 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Hall*, 935 F.2d at 1109-10.

Here, Magistrate Judge Gallagher determined that Plaintiff's original Complaint was not filed on the proper form, and ordered Plaintiff cure this deficiency within thirty days. (Docket No. 3.) After receiving an extension of time (Docket No. 6), Plaintiff timely filed the Amended Complaint on the proper form. (Docket No. 7.) Judge Gallagher's

4

Order directing him to cure deficiencies did not put Plaintiff on notice as to the insufficiency of his allegations. Consequently, the Court recommends that Plaintiff be permitted another opportunity to amend his pleading in accordance with this recommendation and the District Court's order.

Based upon the foregoing, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss (Docket No. 18 ) be **GRANTED,** but that the pro se Plaintiff be permitted to amend his Complaint to state plausible claims for relief consistent with the requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

BY THE COURT

Date: March 20, 2018  s/ Michael J. Watanabe
   Denver, Colorado  Michael J. Watanabe
   United States Magistrate Judge